E-FILED
Tuesday, 27 May, 2008 09:59:42 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| THOMAS KEIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3065 |
| | ) | |
| UNION PLANTERS BANK, a/k/a REGIONS BANK, a/k/a REGIONS FINANCIAL CORPORATION, a/k/a UNION PLANTERS CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Motion for Summary Judgment by Union Planters Bank, a/k/a Regions Bank, a/k/a Regions Financial Corporation ("Bank") (d/e 19). Thomas Keim received injuries on January 14, 2005, as a result of slipping on an iced walkway outside the bank located at 111 South Durkin Drive, Springfield, Illinois.[1] Mr. Keim brought this action against the Bank because the walkway runs in front of

[1]Keim is a resident of Illinois. The Bank is incorporated in the state of Delaware and has its principal place of business in Alabama. The amount in controversy exceeds $75,000, exclusive of interest and costs. Notice of Removal, ¶¶ 6, 7, 9 (d/e 1). This Court has diversity jurisdiction.

the Bank and is maintained by the Bank. The Bank moves for summary judgment on the ground that the Bank does not owe a duty to the Plaintiff to remove natural accumulations of ice and snow. Further, the Bank contends it did not assume such a duty because the Bank never began removing the natural accumulation of ice and snow. The Bank contends there is no competent evidence demonstrating any unnatural accumulation of snow and ice. Keim contends the walkway slopes in such a way that runoff of melting snow accumulated and then froze, causing an unnatural accumulation of snow and ice. For the reasons stated below, the Motion for Summary Judgment is allowed.

## STATEMENT OF FACTS

On January 14, 2005, Plaintiff, Thomas Keim, was walking south on the sidewalk outside the Union Planters Bank at 111 South Durkin Drive in Springfield, Illinois, when he slipped on some ice and fell. There was approximately 2½ inches of snow on the sidewalk at the time of the accident. The snow accumulated as it fell and had not been placed there by anyone. Motion for Summary Judgment by Union Planters Bank (d/e 19), Exhibit A, Deposition of Thomas L. Keim ("Keim Deposition") at 13 & 14.

At the spot of the accident, the sidewalk was uneven and slanted

toward the east. Keim Deposition at 46. Keim contends that as the temperature increased, some of the snow melted and, due to the slant of the sidewalk, formed a pool of water on the sidewalk, which then froze as the temperature dropped. Keim asserts that the ice was hidden by the snow because the sidewalk had not been plowed since the snow began to fall. Keim Deposition at 47.

When Mr. Keim walked on the sidewalk, he slipped and fell to the ground and incurred injuries to his hip and the right side of his body. Keim Deposition at 16.

## ANALYSIS

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Rule 56 (c) requires the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When this occurs, there can be "no genuine issue as to any material fact," since a failure of proof regarding an essential element of the nonmoving party's case necessarily renders all other facts immaterial. Id. Therefore, the moving party is entitled to "a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

In Illinois, the elements of a common law negligence claim are the existence of a duty on the part of the defendant to the plaintiff, breach of that duty, causation, and injury. Ward v. K Mart Corp., 554 N.E.2d 223, 226 (Ill. 1990). A property owner generally owes no duty to remove snow or ice that accumulates naturally on its premises. Judge-Zeit v. General Parking Corp., 875 N.E.2d 1209, 1215 (Ill.App. 1st Dist., 2007). To avoid the effect of this "natural accumulation rule," a plaintiff must present evidence that defendants caused an unnatural accumulation of snow or ice; that a defendant undertook to remove the snow or ice and did so negligently; or that a defendant had a contractual obligation to remove snow and ice and breached that duty. Williams v. Lincoln Towers Associates, 566 N.E.2d 501, 503 (Ill.App. 2nd Dist., 1991). Summary judgment in favor of

a defendant is appropriate when a plaintiff failed to show any "nexus," other than complete speculation, between the alleged source of the run off and the ice where a plaintiff slipped. Madeo v. Tri-Land Properties, Inc., 606 N.E.2d 701, 704 (Ill.App. 2nd Dist., 1992).

In the case at bar, Keim has failed to provide evidence establishing that this case falls under the exception to the natural accumulation rule. First, Keim offers no evidence, other than mere speculation, that the snow and ice on the walkway was an unnatural accumulation. In Paragraph 7 of the Complaint, Keim alleges that the slope of the sidewalk created "an area on the sidewalk which contained a runoff which allowed snow and/or ice to accumulate and thereafter form ice." Complaint (d/e 1), Exhibit A at 2 & 3. When a plaintiff alleges that the design of a sloping surface created an unnatural accumulation of ice, there must be evidence presented of the dangerous nature of the slope, that the slope was the proximate cause of the plaintiff's injuries, and the landowner had notice of the defect. Wells v. Great Atlantic & Pacific Tea Co., 525 N.E.2d 1127, 1129 (Ill.App. 1st Dist., 1988). Keim has presented no evidence to address the test promulgated in Wells. The only evidence Keim presented was his own testimony.

Q. Okay. Well, what's your explanation for the ice?

A. Well, at the time I was walking, I thought there was no ice there and then all of a sudden there is where I fell, so it must have melted a little bit with the temperature and made the ice into one area because the other side of the -- after I fell, I noticed that that was all snow on the other side of the sidewalk, so it must have melted some and then that little ledge going down is where it all accumulated and made it ice.

Q. Are you saying that you think there is a run off?

A. Run off, yes.

Q. From where?

A. About the middle of the sidewalk because this runs down, and right there you can tell there is more grass than anywhere, and that's where the water lays and turned to ice, and I didn't notice it until I fell down.

Q. So is it my understanding, just so I get this correct, you're saying that there is some sort of a dip or a slant to the sidewalk in which you fell –

A. Yes.

Q. -- that slants down towards the east?

A. East, yeah, east.

Q. And that the water would have been coming

> from where?
>
> A. Been coming from the other snow on the sidewalk or in the grass maybe melting, coming down, running off; and when you get down to the other side of the sidewalk facing east, there is more grass so the water wouldn't have gone anywhere. It just builds up.

Keim Deposition at 45-46. This testimony is speculative as to the cause of any runoff and insufficient to raise a factual issue concerning an unnatural accumulation.

Additionally, Keim provided no evidence showing that the Bank removed or attempted to remove the snow and ice on the sidewalk. Keim must demonstrate that the Bank somehow altered the state of the snow or ice on the sidewalk thereby negating the natural accumulation rule. In his deposition, Keim testified the sidewalk had not been plowed at the time he walked on it. Keim Deposition at 47. Since the Bank did not plow the sidewalk, the only accumulation on the sidewalk was from natural snowfall and is considered a "natural accumulation." The Bank had no duty to remove it from the walkway.

THEREFORE, Union Planters Bank's Motion for Summary Judgment (d/e 19) is ALLOWED. Judgment is entered in favor of the Defendant,

Union Planters Bank, against the Plaintiff, Thomas Keim. All other motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: May 23, 2008

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE